

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 0414 | DATE | June 9, 2000 |
| CASE TITLE | Richard Klavanowitch, Reg. #K-51186 vs. Captain Rosetti, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

**Enter MEMORANDUM, OPINION AND ORDER:**

(10) ■ [Other docket entry]  For the reasons set forth in the accompanying Memorandum Opinion and Order, the plaintiff's renewed motion for summary judgment [#56] is denied. The plaintiff is ordered to show good cause in writing why the court should not grant summary judgment in favor of the defendant Negrete. Failure to show good cause within fourteen days will result in entry of judgment in favor of Negrete and against the plaintiff pursuant to Fed. R. Civ. P. 56. The defendants' motion for substitution of counsel [#60] is granted. The ruling date previously scheduled for June 28, 2000, at 9:00 a.m. is vacated. This case is set for status conference on Tuesday, July 18, 2000, at 9:00 a.m. to discuss the parties' readiness for trial.

11) ■ See ORDER.

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 15 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 61 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mjm / tsa | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

Minute Order Form (06/97)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD KLAVANOWITCH, ) | |
| ) | |
| Plaintiff, ) | Wayne R. Andersen |
| ) | |
| v. ) | 98 CV 0414 |
| ) | **DOCKETED** |
| CAPTAIN ROSETTA, et al., ) | |
| ) | JUN 1 5 2000 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants failed to protect him from [or perhaps even facilitated] an attack by known enemy gang members who had threatened the plaintiff. This matter is before the court for consideration the plaintiff's renewed motion for summary judgment. For the reasons stated in this order, the motion will be denied. Furthermore, the plaintiff is ordered to show cause why summary judgment should not be granted in favor of the defendant Negrete.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

1

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992).

## FACTS

The plaintiff, currently a state prisoner, was an inmate at the Cook County Correctional Center at all times relevant to this action. The defendants, Steven Rosetti,

Scott Bratlien, and Judith Negrete were Cook County correctional officers at the time of the events giving rise to this action. [Rosetti and Bratlien are still Cook County employees; Negrete has since resigned her position.]

Plaintiff's Account

The parties largely dispute the circumstances surrounding an alleged assault that occurred on May 28, 1996. According to the plaintiff, he reported to the defendants Rosetti and Bratlien that he was "in immediate danger of being attacked by [inmate] Russell Nanny and/or his gang members." On or about May 14, 1996, the plaintiff purportedly told Rosetti that he was having problems with gang members and was in fear for his life; about a week later, because Rosetti had done nothing, the plaintiff advised Bratlien of the situation and told him the threats were becoming more serious. Again, no apparent action was taken.

On May 28, 1996, the plaintiff was reading in his locked cell sometime between 7:30 and 8:30 p.m. when the tier officer operating the controls [presumably, the defendant Negrete] electronically opened the door. The plaintiff's cell door should not have been unlocked because the plaintiff did not work during that shift. Two inmates entered the plaintiff's cell and severely beat him. The plaintiff was taken to the Cook County Hospital, where he was treated for two broken ribs and eyes that were swollen shut,

among other injuries. [Nothing in the record indicates whether the assailants were actually affiliated with inmate Nanny or his gang.]

Defendants' Version

Each of the defendants has submitted an affidavit denying whether he or she had any conversation with the plaintiff concerning purported threats against him; the defendants additionally deny that they had any independent knowledge that Richard Nanny was involved in the plaintiff's criminal case or that the plaintiff was in any danger. In fact, the defendant Rosetti notes that he was assigned to the "basement boulevard" and worked the eleven p.m. to seven a.m. shift during the time period in question; Rosetti asserts that because inmates were locked in their cells during those hours, he had contact only with the inmates assigned to the power washing detail, and the plaintiff was not a power washer. Both Rosetti and Bratlien state that they were not working or present at the jail on the day of the alleged attack.

The defendant Negrete asserts that she was relieved for lunch at 8:00 p.m. on the day in question and does not recall opening the plaintiff's door. Only after she returned from lunch did she learn that the plaintiff had reported an attack and sought medical attention. The plaintiff's own Exhibit F, an officers' log for May 28, 1996, appears to indicate that another officer (Cintron) may have been on duty when the cell doors were unlocked and the plaintiff was assaulted.

4

# DISCUSSION

Because material facts are in dispute, the plaintiff's motion for summary judgment must be denied. A trier of fact must determine whether the defendants Rosetti and Bratlien acted with deliberate indifference to the plaintiff's safety. The plaintiff has failed to establish a triable cause of action against Negrete altogether.

It is well established that a person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he is charged. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A restriction or condition may amount to punishment if prison officials are deliberately indifferent to a substantial risk to the detainee's safety. *Id.* at 1005, *citing Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

In this context, "deliberate indifference" is defined as intentional or criminally reckless conduct. *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). Thus, to violate a pretrial detainee's due process rights, prison officials would have to intend for him to die or to suffer grievously, or they would have to act indifferently to a known risk that he would die or suffer grievously. *Id.* at 238-39 (noting that any act with a state of mind less than intent or criminal recklessness, such as negligence or gross negligence, does not amount to punishment); *see also Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). The relevant inquiry is whether correctional officials actually knew

5

about the danger that the plaintiff faced, not whether a reasonable official should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Because the parties dispute whether Bratlien and Rosetti knew of and disregarded an excessive risk to the plaintiff's safety, summary judgment must be denied. In ruling on a motion for summary judgment, the court cannot weigh the affidavits or make credibility determinations. *Castillo v. United States*, 34 F.3d 443, 445 (7th Cir. 1994); *Valentine v. Joliet Tp. High School Dist. No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). There is a genuine issue of fact as to whether the defendants Bratlien and Rosetti were aware that the plaintiff faced danger from known enemies and refused to take any action to protect him.

However, the plaintiff is ordered to show good cause in writing why summary judgment should not be granted in favor of the defendant Negrete. The defendants have declined to file a cross-motion for summary judgment. Nevertheless, the court is permitted to grant summary judgment for a non-movant *sua sponte* if the party against whom summary judgment is to be entered is given (1) proper notice that the district court is considering entering summary judgment and (2) a fair opportunity to present evidence in opposition to the court's entry of summary judgment. *See Simpson v. Merchants Recovery Bureau, Inc.*, 171 F.3d 546, 549 (7th Cir. 1999), *relying on Celotex*, 477 U.S. at 326 ("district courts are widely acknowledged to possess the power to enter summary

judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence").

In the case at bar, the court permitted the plaintiff to proceed against Negrete because the amended complaint seemed to suggest that Negrete may have intentionally unlocked the plaintiff's door to his assailants. But the more fully developed record shows that Negrete probably was not the officer who unlocked the plaintiff's cell door (*see* Plaintiff's Exhibit F, officer's log; Defendant's Exhibit 3, Affidavit of Judith Negrete, #5). The plaintiff seems to assume that Negrete was the officer who opened his cell door because she was in the control room that evening, but he has submitted no proof that she did so.

More importantly, even if Negrete did open the door prior to being relieved for lunch, her affidavit establishes that she was completely unaware that the plaintiff had been threatened by gang members "or anyone else." Negrete affidavit, #4. Nowhere in the plaintiff's brief or exhibits has he shown that Negrete knew that the plaintiff faced a substantial risk of serious harm. To the contrary, his own brief and exhibits indicate that Negrete was unaware of any danger. The plaintiff and his witnesses declare in their affidavits that the plaintiff approached the defendants Bratlien and Rosetti about his situation, but there is no evidence that word reached Negrete. In fact, the plaintiff repeatedly argues that Rosetti and Bratlien should have alerted Negrete but did not. (*See,*

7

*for example*, Plaintiff's brief at p. 6: "The aforementioned defendants had the duty to advise defendant Negrete of the potential risk of harm to the plaintiff so as to prevent the action of defendant Negrete to allow the attackers entry to the plaintiff's cell...." *See also* Plaintiff's brief at p. 5: "If the defendants [had taken proper action], Negrete would have been placed on notice.... If defendant Negrete was not advised of the serious safety risk involving the plaintiff and his attackers, then such is reflective further of defendants Rosetti and Bratlien's deliberate indifference to the plaintiff's serious safety needs...."

In short, the plaintiff has failed to show that Negrete acted with deliberate indifference to a substantial risk of serious harm; Negrete, in contrast, has affirmatively shown that she did **not** have the subjective intent to cause the plaintiff harm, *see Farmer v. Brennan*, 511 U.S. 825, 827 (1994).[1] Negrete cannot be faulted for failing to take reasonable measures to abate a risk of harm to the plaintiff when she was unaware that any danger existed. A prison official can be held liable under 42 U.S.C. § 1983 only if "the official knows of and disregards an excessive risk to inmate health or safety; the

---

[1]The court notes that *Farmer* is an Eighth Amendment case. But in deliberate indifference cases, the same basic standards apply to pretrial detainees as to convicted felons. Pretrial detainees enjoy "at least as great as the Eighth Amendment protections available to a prisoner." *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 n. 1 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997).

8

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The plaintiff must come forth with some evidence both that Negrete unlocked the door to his assailants and knew about threats against him; if the plaintiff cannot do so, the court will conclude that the plaintiff has no triable claim against her and that Negrete is entitled to judgment as a matter of law.

In sum, with respect to the defendants Rosetti and Bratlien, the court finds that genuine issues of fact must be resolved by a jury. Consequently, the plaintiff's motion for summary judgment is denied as to the plaintiff's claims against those two defendants. The defendant Negrete, on the other hand, has shown that she is entitled to judgment as a matter of law. Accordingly, the plaintiff is ordered to show good cause in writing why the court on its own motion should not grant summary judgment in favor of Negrete.

As a final concern, the plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment [#56] is denied.

IT IS FURTHER ORDERED that the plaintiff show good cause in writing why the court on its own motion should not grant summary judgment in favor of the defendant

Negrete and against the plaintiff. Failure to show cause within fourteen days will result in entry judgment in favor of Negrete pursuant to Fed. R. Civ. P. 56.

IT IS FURTHER ORDERED that the defendants' motion for substitution of counsel [#60] is granted.

IT IS FURTHER ORDERED that this case is set for status conference on Tuesday, July 18, 2000, at 9:00 a.m. to discuss the parties' readiness for trial.

ENTER:

_____
Wayne R. Andersen

United States District Judge

Dated: June 9, 2000